Henry Epstein, J.
Plaintiff company occupies the premises 181-189 Front Street in Manhattan, New York City, and has owned and occupied those premises since 1925. Plaintiff’s business is the importation, processing and sale of bristles for brushes. Defendant 191 Front Street Building Corp. is the owner and lessor of the premises 191 Front Street, which are entirely leased to defendant Fulton Market Seacoast Fish Co., *413 Inc. Defendants’ premises are used and have been used for preparing fish for sale and selling fish to restaurants, hotels, etc., in New York City. Plaintiff claims that defendants’ use of the 191 Front St. premises causes the northerly wall of plaintiff’s building to become permeated with moisture and seeks to compel defendants to place their southerly wall in a condition to prevent said moist condition in plaintiff’s wall and for damages. Defendant 191 Front Street Building Corp. in addition to a general denial pleads a claim over against defendant the Fulton Market Seacoast Fish Co., Inc., if there be any liability due to the allegedly wrongful use of the premises by the said lessee and codefendant. Early in the presentation of plaintiff’s case a stipulation was entered by plaintiff with defendant landlord, 191 Front Street Building Corp., discontinuing the action against said owner of the 191 Front Street property without costs on agreement by said owner and landlord of 191 Front Street to repair the metal drain pipe where it ran from the roof to the cast-iron drain along the line of division between plaintiff’s property and that of said defendant. Thereupon defendant 191 Front Street Building Corp. withdrew and plaintiff’s case continued against defendant Fulton Market Seacoast Fish Co., Inc. Findings and conclusions were waived.
It is undisputed that both premises of plaintiff and defendant are over 100 years old; that the brick walls separating the premises of the parties were so constructed that they are but an inch or one and one-half inches apart; that in their construction more than a century ago the bricks were bound together with a lime mortar which became soft and wet when exposed to or permeated with moisture; that the space between the walls was filled at that early date with like mortar which would also absorb moisture. Under such circumstances the plaintiff’s own architect witness testified both walls, plaintiff’s and defendant’s, would absorb such water seepage from between the walls and the old-fashioned mortar would also be affected. Plaintiff’s contractor, whose work repaired the moist areas in plaintiff’s north wall, likewise testified that the space between the two walls was filled with the ancient mortar and no one could tell whence it came or when it was placed there — probably when the two structures were put up over a century ago. Under such circumstances the moisture in plaintiff’s north wall cannot be blamed on defendant’s fish business at 191 Front Street.
Defendant’s secretary-treasurer has known the premises at 191 Front Street since 1940 and the same operations in the fish business conducted by defendant have been continuously practised at least that far back. It was not until plaintiff failed in *414 1955 to acquire by purchase the premises occupied by defendant that there was any complaint from plaintiff like that here made. This is conceded. Plaintiff alleges that defendants violated the Administrative Code of the City of New York but offered no proof of any such violation. On the contrary, defendant testified without contradiction or any proof to the contrary that the only violation charged was dismissed after a trial. Defendant’s structure had cement floors, sloping to the center with drains running from top floor and from each lower floor to the sewer outlet. Defendant company’s operations called for hosing down the floors (first and fifth floors) at the end of each day’s work. This was done without any such wetting of the walls or south wall as suggested by plaintiff, but not proved. Defendant paints the walls at least once each year and its premises are under constant inspection by the authorities of city and State, both health and market bodies. Defendant’s witness (an officer of defendant) has known plaintiff’s only officer appearing as a witness — John B. Stapleton — for over seven years, yet never received any protest, complaint or word about the condition on which this suit is founded, until served with the instant complaint; and that only after plaintiff had failed in its efforts to purchase the 191 Front Street property.
The facts are overwhelming in defendant’s favor and, while decision on the motion to dismiss at the end of plaintiff’s case was reserved, the totality of credible evidence compels but one conclusion. Plaintiff has failed to establish any case for the relief sought. Motion to dismiss granted. Judgment for defendant the Fulton Market Seacoast Fish Co., Inc., with costs.
Settle judgment.